```
              UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

ODELL FLAGG-ALLEN HERSELF AND                                PLAINTIFF
AS EXECUTRIX OF THE ESTATE OF
MRS. ELIZABETH DAVENPORT MIDDLETON

VERSUS                            CIVIL ACTION NO. 5:07cv179-DCB-JMR

LAYUNA CARSON and
GRANTHOUSE PUBLISHING, A CORPORATION                         DEFENDANTS

**ORDER**

This matter comes before the Court on defendant Layuna Carson's Motion to Dismiss [**docket entry no. 5**]. Having carefully considered said Motion, the plaintiff's Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On September 24, 2007, Odell Flagg-Allen, plaintiff herein, purporting to act in her individual capacity and as the executrix of the Estate of Elizabeth Davenport Middleton, initiated this suit against defendants Layuna Carson and Granthouse Publishing Corporation.  In her Complaint [docket entry no. 1], Flagg-Allen seeks damages for the defendants' wrongful and unapproved use of her unpublished writings and works and the misappropriation of the image of the deceased Mrs. Middleton.

On November 5, 2007, defendant Carson filed a Motion to Dismiss [docket entry no. 5] the plaintiff's complaint to the extent Flagg-Allen purports to bring claims on behalf of the Estate

of Elizabeth Davenport Middleton. Carson asserts that Flagg-Allen lacks standing to sue on behalf of the Estate of Elizabeth Davenport Middleton inasmuch as the estate did not authorize Flagg-Allen to sue on its behalf, and in her Last Will and Testament, Mrs. Middleton did not "grant the plaintiff, Odell Flagg Allen, the authority to file suit on behalf of the estate." (Mot. Dism. ¶ 6.) In her Response [docket entry no. 16], the plaintiff posits that as the executrix of Mrs. Middleton's estate, she is authorized under Mississippi law to commence legal actions on behalf of the estate.

As is the case here, a federal court sitting in diversity is obligated to apply state substantive law. <u>Times-Picayune Pub. Corp. v. Zurich Am. Ins. Co.</u>, 421 F.3d 328, 334 (5th Cir. 2005) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938)).[1] Mississippi Code Annotated § 91-7-233 provides as follows:

> Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. They shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased.

The Supreme Court of Mississippi has interpreted the statutory term "personal action" to mean "an action for recovery of personal property, for breach of contract, or for injury to person or property." <u>In re Estate of Beckley</u>, 961 So. 2d 707, 710 (Miss.

---

[1] The parties do not dispute that the substantive law of Mississippi is applicable to this matter.

2007).  The misappropriation of a person's likeness or image for commercial use is an example of the tort of intentional invasion of privacy.  <u>Harbin v. Jennings</u>, 734 So. 2d 269, 272 (Miss. Ct. App. 1999).  Under Mississippi law, the intentional invasion of privacy tort can involve injuries to both person and property .  <u>Candebat v. Flanagan</u>, 487 So. 2d 207, 212 (Miss. 1986).  Thus it is clear that a claim for damages based upon the intentional invasion of privacy tort qualifies as a "personal action" under § 91-7-233.

Therefore, the Court finds that the plaintiff has standing under § 91-7-233 as the executrix of the Estate of Elizabeth Davenport Middleton to assert the claim for intentional invasion of privacy in the Complaint on behalf of said estate.  Accordingly,

**IT IS HEREBY ORDERED** that defendant Layuna Carson's Motion to Dismiss [**docket entry no. 5**] is DENIED.

**SO ORDERED,** this the   28th   day of March 2008.

                                       s/ David Bramlette
                              **UNITED STATES DISTRICT JUDGE**